ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 09 2008

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | 1:08-CV-0075 MHS |
| MOTOSPORTS HONDA, INC., | ) ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) | |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices based on a disability and to provide appropriate relief to Virgilio Modica ("Modica"). The Equal Employment Opportunity Commission ("EEOC") alleges that Motosports Honda, Inc. ("Defendant") failed to provide Modica with a reasonable accommodation and subsequently terminated him because of his disability, in violation of the ADA.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to

Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## **PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been doing business in the State of Georgia, City of Canton, and has continuously employed at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer

engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty (30) days prior to the institution of the lawsuit, Mr. Modica filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least December 2005, Defendant has engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a), by failing to provide Modica with a reasonable accommodation for his disability.

9. Since at least March 2006, Defendant has engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112(b), by terminating Modica because of his disability.

10. The effect of the practices complained of in paragraphs 8 and 9 above

has been to deprive Modica of equal employment opportunities and otherwise to affect adversely his status as an employee because of his disability.

11.  The effect of the practices complained of in paragraphs 8 and 9 above has been to inflict emotional pain, suffering, and inconvenience upon Modica, and to deprive Modica of the financial and other benefits of working for Defendant.

12.  The effect of the practices complained of in paragraphs 8 and 9 above was intentional.

13.  The effect of the practices complained of in paragraphs 8 and 9 above were done with malice or with reckless indifference to the federally protected rights of Modica.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of disability;

B.  Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for individuals with disabilities, as those terms are defined by the ADA, and which eradicate the effects

of its past and present unlawful employment practices;

C. Order Defendant to make Modica whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay.

D. Order Defendant to make Modica whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraphs 8 and 9 above, including job search expenses and medical expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Modica by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in paragraphs 8 and 9 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Modica punitive damages for its malicious or reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint.

        Respectfully submitted,

        Ronald S. Cooper
        General Counsel

        James L. Lee
        Deputy General Counsel

        Gwendolyn Young Reams
        Associate General Counsel

        _____ 1/9/2008
        Robert K. Dawkins
        Georgia Bar No. 076206
        Regional Attorney

        EEOC, Atlanta District Office
        100 Alabama St., SW, Suite 4R30
        Atlanta, Georgia 30303
        Telephone:  (404) 562-6817
        Facsimile:   (404) 562-6905